Dear Mr. Kemp:
Your request for an opinion of this office has been received and directed to the undersigned for research and reply. Your question, as I appreciate it, is:
Must the District Attorney make public those records maintained in operating the Twenty-First Judicial District Pre-Trial Intervention Program?
The Twenty-First Judicial District Pre-Trial Intervention Program allows non-violent, first-time offenders the opportunity to avoid prosecution on the alleged offense by completing certain requirements. If a person successfully completes the program, the District Attorney will decline to prosecute and the pending charge is "dead filed." If the person is terminated for noncompliance with the program, he will be placed back into the court system and prosecuted on the pending charge.
The applicable law controlling the above question is Louisiana Public Records Law, La. R.S. 44:1 et seq. In particular, La. R.S. 44:3(A)(1) provides in pertinent part:
A. Nothing in this chapter shall be construed to require disclosures of records, or the information contained therein, held by the offices of the . . . district attorneys . . ., which records are:
(1) Records pertaining to pending criminal litigation or any criminal litigation which can be reasonably anticipated, until such litigation has been finally adjudicated or otherwise settled.
There are two competing interests at stake here. One is the program's promise of confidentiality to its participants. On the other hand, there is the duty to interpret the public records laws liberally so as to extend rather than restrict access to records by the public. Bartels v. Roussel, 303 So.2d 833 (La.App. 1st Cir. 1974).
This office is of the opinion that while a person is enrolled in the Pre-Trial Intervention Program, the records cannot be disclosed under La. R.S. 44:3(A)(1) since there is criminal litigation which can be "reasonably anticipated" should the person subsequently drop out of the program and face criminal prosecution. Therefore, those records cannot be disclosed and made available to the public until after final disposition of the case.
If the person successfully completes the program, as provided by the program, the District Attorney will decline to prosecute. Therefore, at this point the pending litigation is "otherwise settled" and the records can now be made available to the public. The only exception being if the person successfully expunges his criminal records as allowed in La. R.S. 44:9, in which case the records are no longer public records.
In conclusion, while a person is enrolled in the program, there is a reasonable anticipation of possible litigation and therefore, the District Attorney must keep those records confidential under the Louisiana Public Records Law. However, once the person completes the program and his charges have been "dead-filed", the District Attorney must now make those records public absent a successful order of expungement.
I hope that this opinion sufficiently answers your question. If you have any further questions, or if we can provide additional information, please do not hesitate to contact us.
With kind regards, I am
Sincerely,
 William J. Guste, Jr. Attorney General
 By: Kathleen E. Petersen Asst. Attorney General La.Atty. Gen. Op. No. 90-588, 1991 WL 575065
(La.A.G.)
Opinion No. 93-481
August 31, 1993
22 — District Prosecuting Attorneys 46-A — Fees Costs La. R.S. 42:1116
District Attorney's Office may charge fees for expenses and administrative costs in pretrial intervention program. It is permissible to remit a portion of fees to reimburse the judicial expense fund or criminal court fund.
Mr. Richard J. Ward, Jr. District Attorney Eighteenth Judicial District Post Office Box 765 Port Allen, Louisiana 70767